**Gary L. LAND, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2010–CA–001840–MR.

Court of Appeals of Kentucky.

April 6, 2012.

Thomas M. Ransdell, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway Attorney General of Kentucky, Christian K.R. Miller, Frankfort, KY, for appellee.

Before DIXON, KELLER and STUMBO, Judges.

*OPINION*

STUMBO, Judge:

Gary Land is appealing from a conditional guilty plea to the offense of second-degree escape. Land reserved the right to appeal the legal question of whether the failure to report for an alternative sentence that was ordered to be served on weekends constitutes second-degree escape. We agree with the trial court that

failure to report to a weekend jail sentence does constitute escape and affirm.

In March of 2010, Land was sentenced to serve five years in prison for failure to report a change in order to receive benefits, a violation of Kentucky Revised Statute (KRS) 194A.505(1)(2), a class D felony. At his request his sentence was probated with an alternative sentence. He was ordered to pay over $11,000 in restitution and to serve 20 days in county jail. In order for Land to keep his job and pay restitution, the Commonwealth agreed to let Land serve his 20–day sentence on the weekends and the trial court so ordered. KRS 533.010(6) and (6)(c) permit a trial court to order probation with an alternative sentence that includes "jail for a period not to exceed twelve (12) months with or without work release[.]" In May of 2010, Land did not report to jail one weekend. He was subsequently arrested and indicted for second-degree escape.

Land moved to dismiss the indictment arguing that failure to appear for a weekend jail service did not fit within the statutory definition of second-degree escape. He argued that it was only a violation of his probation. A hearing was held on the motion on August 12, 2010, and the trial court denied the motion. Land then entered into a conditional guilty plea, reserving the right to appeal the denial of his motion to dismiss. This appeal followed.

"A person is guilty of escape in the second degree when he escapes from a detention facility or, being charged with or convicted of a felony, he escapes from custody." KRS 520.030. " 'Escape' means departure from custody or the detention facility in which a person is held or detained when the departure is unpermitted, or *failure to return to custody* or detention following a temporary leave granted for a specific purpose or for a limited period[.]" KRS 520.010(5) (emphasis added). " 'Custody' means restraint by a public servant pursuant to a lawful arrest, detention, or an order of court for law enforcement purposes, but does not include supervision of probation or parole or constraint incidental to release on bail[.]" KRS 520.010(2). Applying the forgoing definitions, we find that Land was properly charged with second-degree escape.

Here, Land's conduct meets the definition of second-degree escape because he failed to return to a detention facility, the county jail, following a temporary leave granted for a limited period. Land was permitted to leave the county jail during the week so he could keep his job in order to pay restitution. He was then to return to jail on the weekends to serve his alternative sentence. He therefore escaped from a detention facility.

He also meets the definition of second-degree escape because he was a convicted felon who escaped from custody. It is undisputed that Land had been convicted of a class D felony. He escaped when he failed to return to custody after a temporary leave. He was in custody because he was restrained by an order of the court for law enforcement purposes, i.e., in order to serve his 20–day alternative sentence.

ALL CONCUR.